

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. T. M. Trimble
First Assistant, State Superintendent of
Public Instruction
Austin, Texas

Dear Sir:

Opinion No. O-2782
Re: Authority of board of trustees
of an independent school district
to change secretaries.

In your letters of September 26 and October 5, 1940, you submit to us the following facts: Galena Park Independent School District, having between 800 and 900 scholastics, was organized under Articles 2757 and 2758, Revised Civil Statutes, as amended, Acts 1927, 40th Legislature, Page 363, Chapter 238. The board of trustees of the district has never drawn up or adopted any rules and regulations by which to be governed. Specifically no such rules and regulations have ever been adopted relating to the choosing of secretaries for the board, or fixing the length of time that a secretary who is thus chosen shall serve. In May, 1940, the Board of trustees elected or chose one of its members to serve as secretary, the minutes making no statement as to the length of time that he should serve. It has been the custom of the board heretofore to elect its secretary once a year, the secretary so designated therefor serving for a period of one year under each such appointment. At a recent meeting of the board of trustees a majority of the board voted to remove the member from the position of secretary, to which he had been chosen in May of this year and appointed another member of the board as secretary. You make it clear that no attempt was made to remove the man from his office as trustee but merely to change the secretaryship from one man to the other. You request our opinion as to whether or not the board of trustees was acting within its powers in taking such action. It is assumed that the board was properly assembled and that all formal requirements had been met to constitute the order a valid one.

Said Article 2786 contains the following provision:

"The said board of trustees of each of such independent school districts incorporated under the provisions of this Act shall have and exercise and are hereby vested with all the rights, powers, privileges and duties conferred and imposed upon the trustees and boards of trustees of independent school districts by the general laws of this State."

Articles 2779 and 2780, Revised Civil Statutes, read as follows:

"Said trustees shall meet within twenty days after the election, or as soon thereafter as possible, for the purpose of organizing. A majority of said board shall constitute a quorum to do business. They shall choose from their number a president, and they shall choose a secretary, a treasurer, assessor and collector of taxes, and other necessary officers and committees."

"Said trustees shall adopt such rules, regulations and by-laws as they may deem proper; and the public free schools of such independent district shall be under their control; and they shall have the exclusive power to manage and govern said schools, and all rights and titles to property for school purposes heretofore vested in the mayor, city councils, or school trustees by articles 3995, 4018 and 4052, Revised Statutes of 1895, or other statutes, general and special, except such cities as are exempted by this title, shall be vested in said board of trustees and their successors in office; and their claims shall apply to any action or suit which may arise to which said board is a party."

There is no provision of the Constitution or statute which fixes or attempts to fix the period of time that a trustee shall serve as secretary when he has been chosen to serve as such by the board of trustees as provided in Article 2779. Since no rules, regulations or by-laws have been adopted by the trustees under the provisions of Article 2780, we are not called upon to decide the question which would be presented if a rule had been adopted attempting to fix the period of time for the secretary to serve. Clearly, the action of boards of trustees in the past in allowing the secretary to serve for a period of

Hon. T. M. Trimble, page 3


one year before renewing the appointment or designating another cannot be considered as the adoption of a rule, regulation or by-law under the provisions of Article 2780 sufficient to bind future boards and future conduct.

Where the duration of term of office is not fixed by law and no provision is made for the removal of the incumbent, the power of appointment necessarily carries with it the power of removal. Keener v. Stewart, 66 S. W. (2d) 812; Keenan v. Perry, 24 Tex. 243; 34 Tex. Jur. 594; 26 C. J. 964. Under the circumstances set out above we think the board of trustees was acting within its powers in changing its previous choice of a secretary and designating another member of the board to serve in that capacity.

Our opinion No. 0-1210 involved a similar situation, and rather than further elaborating on the subject we enclose a copy of that opinion.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Glenn R. Lewis_

Glenn R. Lewis
Assistant

GRL:AMM

ENCLOSURE

APPROVEDOCT 10, 1940

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY AWB
CHAIRMAN